pd-0125-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 12:00:00 AM
Accepted 11/30/2015 9:15:30 AM
ABEL ACOSTA
CLERK

NO. **PD- 0125-14**

IN THE

# COURT OF CRIMINAL APPEALS

**OF TEXAS
AUSTIN, TEXAS**

**VERA ELIZABETH GUTHRIE-NAIL**
**Appellant, Petitioner**
**v.**
**THE STATE OF TEXAS,**
**Appellee, Respondent**

### *Appellant's Response to the State's*
### *Motion for Rehearing*

**On Petition for Discretionary Review From
Cause No. 05-13-00016-CR
COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS, TEXAS**

On appeal from Cause Number 401-80635-2012
in the 401st Criminal District Court
of Collin County, Texas
Honorable Mark J. Rusch, Judge Presiding

JOHN TATUM
Summit Park
2150 S. Central Expressway
Suite 200
McKinney, Texas 75070
(972) 705-9200
BAR NO. 19672500
jtatumlaw@gmail.com
ATTORNEY FOR APPELLANT

# IDENTITIES OF PARTIES AND COUNSEL

VERA ELIZABETH GUTHRIE-NAIL       APPELLANT

HONORABLE JOHN TATUM       ATTORNEY FOR APPELLANT
Summit Park       (On Appeal)
2150 S. Central Expressway
Suite 200
McKinney, Texas 75070

HONORABLE RICHARD FRANKLIN       ATTORNEY FOR APPELLANT
12225 GREENVILLE AVE.       (TRIAL)
SUITE 252-LB 130
DALLAS, TEXAS 75243

HONORABLE GREG WILLIS       CRIMINAL DISTRICT ATTORNEY
2100 Bloomdale Road, Suite 200       COLLIN COUNTY, TEXAS
McKinney, Texas 75071

HONORABLE JOHN R. ROLATER, JR.       ASSISTANT CRIMINAL DISTRICT
2100 Bloomdale Road, Suite 200       ATTORNEY-CHIEF OF THE
McKinney, Texas 75071       APPELLATE DIVISION

HONORABLE ANDREA L. WESTERFELD ASSISTANT CRIMINAL
2100  Bloomdale Road, Suite 200       DISTRICT ATTORNEY
McKinney, Texas 75071

HONORABLE MARK RUSCH       JUDGE PRESIDING
Collin Court of Court of Law       401ST CRIMINAL
University Drive Courts Facility       DISTRICT COURT
1800 N. Graves St.       OF COLLIN COUNTY, TEXAS
McKinney, Texas 75069

**TABLE OF CONTENTS**

PAGE

IDENTITIES OF PARTIES AND COUNSEL.. . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii-iv

SUPPLEMENTAL PROCEDURAL HISTORY. . . . . . . . . . . . . .  1-2

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . .  2-3

ISSUES ON TRIAL ON  MERITS

**APPELLANT/PETITIONER'S GROUND FOR REVIEW**
**ON PETITION FOR DISCRETIONARY REVIEW NO. 1**

**THE TRIAL COURT ERRED IN SIGNING A NUNC PRO TUNC ORDER TO ADD AN AFFIRMATIVE DEADLY WEAPON FINDING TO A JUDGEMENT ALMOST THREE MONTHS AFTER THE TRIAL COURT SIGNED THE ORIGINAL JUDGEMENT WHICH CITED "N/A" IN THE SPACE FOR DEADLY WEAPON FINDING**

**APPELLANT/PETITIONER'S GROUND FOR REVIEW**
**ON PETITION FOR DISCRETIONARY REVIEW NO. 2**

**THE TRIAL COURT ERRED BY SIGNING THE ORDER NUNC PRO TUNC BECAUSE THE TRIAL COURT'S OMISSION OF AN AFFIRMATIVE FINDING ON THE ORIGINAL JUDGEMENT WAS A JUDICIAL DECISION AND NOT A CLERICAL ERROR**

**APPELLANT/PETITIONER'S GROUND FOR REVIEW**
**ON PETITION FOR DISCRETIONARY REVIEW NO. 3**

**THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW AND THE RIGHT TO CONFRONTATION WHEN AFTER SIGNING THE ORIGINAL JUDGEMENT THE TRIAL COURT ALMOST THREE MONTHS LATER ENTERED AN ERRONEOUS JUDGEMENT NUNC PRO TUNC ADDING A DEADLY WEAPON FINDING <u>WITHOUT NOTICE TO APPELLANT</u>**

**RESPONSE TO STATE'S ARGUMENT**

ISSUE NO. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

ISSUE NO. II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ISSUE NO. III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . 9

# SUPPLEMENTAL PROCEDURAL HISTORY

On the 12th day of September, 2012 before the Honorable Mark J. Rusch, the Defendant, Vera Elizabeth Guthrie Nail, entered a plea of guilty to the charge of conspiracy to commit capital murder contained in Count II of the indictment. (RR: Vol. Plea and Sentencing p. 10) Several days prior to the change of plea and enter of a guilty plea Appellant had entered a plea of not guilty to Count I of the indictment charging her with Capital Murder and Count II of the indictment charging her with Conspiracy to Commit Capital Murder. A jury was impaneled and evidence was presented. The trial was stopped when the State and Defense agreed to enter into a plea bargain agreement. The Court found the Defendant guilty and found that her plea of guilty was made freely, voluntarily, knowingly and competently following a plea bargain agreement. The Court sentenced the Defendant to 50 years confinement in the Institutional Division of the Texas Department of Criminal Justice pursuant to the plea bargain agreement. (RR: Vol. Plea and Sentencing p.15)

The original judgment in the case entered on September 24, 2012 recited "N/A" in the space provided for "Finding on Deadly Weapon." The trial court subsequently signed a judgment nunc pro tunc listing the "Findings on Deadly Weapon" as "Yes, a Firearm" on December 4, 2012. The Court of Appeals

1

affirmed the entry of the judgment nunc pro tunc conviction in an opinion delivered on January 8, 2014. On September 16, 2015 this Court issued majority and dissenting opinions. On September 16, 2015 the State filed a motion for rehearing. On November 18, 2015 this Court granted the motion for rehearing and reset this case for submission on December 2, 2015.

**SUMMARY OF ARGUMENT ON STATE'S MOTION FOR REHEARING**

I. This Court's conclusion that the record was ambiguous regarding whether the trial court intended to make or decline a deadly weapon finding does not address a crucial piece of evidence - the trial court's docket sheet- that prior precedent holds should be considered. The implication that the docket sheet was not considered merely because it was a computer printout sows confusion among the lower courts and should be clarified.

II. While a trial court may ordinarily have discretion to decline to make a deadly weapon finding, this discretion is sharply limited in a plea bargain. The trial court has no discretion to add or remove conditions in a plea-bargain agreement, and accordingly it has no discretion to decline to make a deadly weapon finding as contemplated by the plea bargain.

III. This Court's precedent holds that a trial court necessarily makes a deadly weapon finding when it finds the defendant guilty as alleged in the

2

indictment if the indictment alleges a deadly weapon. <u>Accordingly, a trial court must expressly indicate it is using its discretion *not* to make such a finding or one is made as a matter of law</u>.

## RESPONSE TO STATE'S ARGUMENT

I.      This Court's majority opinion focused on more than the question of whether a trail court has discretion to enter an affirmative finding of a deadly weapon. Appellant/Petitioner submits that the opinion did not "inadvertently" raise additional issues; however, this Court has decided to resubmit the case on petition for discretionary review.

Appellant/Petitioner argues that the opinion does address the role of the 'docket sheet' in its opinion by labeling it as ambiguous. The State submits that Collin County changed from handwritten docket sheets to wholly electronic ones; however, the record on appeal is ambiguous as to this claim. It is clear that Appellant/Petitioner was not given notice or an opportunity to be present during the making of the 'docket sheet' by the Clerk to challenge any error in translation from any alleged judge's entry or clerk's entry into what appeared in the clerk's record that would effect her parole status.

The 'docket sheet' as it appears in the clerk's record looks more like the clerk's minutes than what was formerly and traditionally recognized as a docket

sheet. A traditional docket sheet would normally have entries made by the presiding judge with the judge's signature or initials. The current form in the record on appeal does not contain any authentication by the presiding judge.

The State requests that the Court address in its opinion how the Court weighs the docket sheet in cases. In the case at bar the document found in the record appears to be a clerk's minutes book, not a traditional judge's docket sheet.

II.     The State argues that a trial court cannot alter a plea bargain between the State and Appellant/Petitioner in this case. Appellant/Petitioner submits that the trial judge did not alter the terms of the plea bargain which were written and found at Clerk's record pp. 30-36. The plea bargain was drafted by the State's attorney.

The plea of guilty was to the offense of conspiracy to commit Capital Murder as charged in or as a lesser included offense of the charge in Count II of the indictment. The written plea bargain does not state that the defendant agreed or stipulated to a finding that a deadly weapon was to be made by the trial court. The judgement as drafted by the State (CR pp. 37-39) has the entry N/A which is an abbreviation for 'not applicable' under the heading "Findings on Deadly Weapon."

III.    The law as stated in the majority opinion requires an 'express determination' of a deadly weapon finding. The State's argument under this

4

section would require that the law be changed to not require an 'express determination' of a deadly weapon but an express statement that there would be no deadly weapon finding.

Appellant/Petitioner argues in the alternative that the Court consider the analysis expressed in Judge Myers' dissenting opinion. The offense in this case is the inchoate crime of conspiracy. There is no evidence that Appellant/Petitioner used or exhibited a deadly weapon during the commission of the conspiracy. The commission of a capital murder is a completely separate crime from the conspiracy to commit capital murder. The defendant did not plead guilty to being a party. There was no mistake to correct.

# PRAYER

For the reasons stated, it is respectfully submitted that the Court of Appeals should review the issues of error and then sustain the issues raised, set aside or hold void the second judgment nunc pro tunc as applied to Appellant/Petitioner, and hold that the original judgement is the correct judgment entered in this case, or in the alternative remand for a hearing consistent with due process.

Respectfully submitted,


_/s/ John Tatum_
John Tatum
Counsel for Appellant
Summit Park
2150 S. Central Expressway
Suite 200
McKinney, Texas 75070
Phone No. (972) 705-9200
Fax No. (972) 690-9901
SBOT# 19672500

6

## CERTIFICATE OF SERVICE

I, JOHN TATUM, do hereby certify that a true and correct copy of the foregoing Brief for Appellant/Petitioner was delivered to Greg Willis 2105 S. McDonald Suite 324, McKinney, Texas 75069 and State's Counsel in Austin, Texas on this 29th day of November, 2015.

/s/   John Tatum
John Tatum

## CERTIFICATE OF SERVICE

The undersigned attorney for Appellant/Petitioner certifies that a true and correct copy of the foregoing brief was mailed , postage prepaid, to Vera Elizabeth Guthrie Nail , TDCJ# 01813126  at the Crain Unit, 1401 State School Road, Gatesville, TX 76599-2999 by U.S. Mail this the 29th day of November, 2015.

/s/   John Tatum
John Tatum

**CERTIFICATE OF COMPLIANCE OF WORD COUNT PURSUANT TO APPELLATE RULE OF PROCEDURE 9.4**

I certify that this document has 1,026 words pursuant to the definitions of length and content in Rule 9.4. (C)(i)(2)(D)

A. Case Name: Vera Elizabeth Guthrie - Nail
B. The Court of Criminal Appeals
C. The Type of Document: Response to the State's Motion for Rehearing
D. Party for whom the document is being submitted: Appellant/Petitioner
E. The Word Processing Software and Version Used to Prepare the Brief: Word Perfect X7
Copies have been sent to all parties associated with this case.

/s/ John Tatum     11/ 29/2015
(Signature of filing party and date)

CERTIFICATE OF COMPLIANCE

I certify that this submitted e-mail attachment to file Petition for Discretionary Review complies with the following requirements of the Court:

1. The petition is submitted by e-mail attachment;

2. The e-mail attachment is labeled with the following information:


A. Case Name: Vera Elizabeth Guthrie- Nail
B. The Appellate Case Number: No. PD-0125-14
C. The Type of Document: Response to State's Motion for Rehearing
D. Party for whom the document is being submitted: Appellant/Petitioner
E. The Word Processing Software and Version Used to Prepare the Motion : Word Perfect X7


3. Copies have been sent to all parties associated with this case.

<u>   /s/ John Tatum                               </u>     11/29/15
(Signature of filing party and date)

John Tatum
(Printed name)

John Tatum, Attorney at Law

Emailed Copy of Petition

9